JOHN TRULL vs. STEPHEN EASTMAN & wife.

A release by an heir apparent of his estate in expectancy, with a covenant, that neither he, nor those claiming under him, will ever claim any right in the same, is, if made fairly and with the consent of the ancestor, a bar to the releasor's claim thereto, by descent or devise, after his ancestor's death. Such covenant runs with the land, and protects the heirs and assigns of the covenantee.

A release of " all the right, title or interest," which the releasor " has, or may have, in or unto the estate of his father, whether the same may fall to him by will or heirship," includes future rights to be acquired by the releasor ; and a covenant never to make claim to " the premises," is a covenant never to make claim to the estate of the father.

THIS was a real action submitted to the court on the following statement of facts : David Trull, the demandant's father, on the 10th of April 1819, being seized of the demanded premises in fee, made his last will, wherein he devised and bequeathed his real and personal property to his two sons, John Trull, (the demandant,) and Phinehas Trull, making the real estate subject to the payment of certain legacies. It was at that time agreed (in consideration of the expectancy under the will) between said David, John and Phinehas, that John and Phinehas should work upon and carry on the farm, and support said David and his wife during their lives. In March 1823, John and Phinehas, with the knowledge and consent of said David, orally agreed to refer to two persons, to decide what sum should be paid to John by Phinehas for all John's right in any real or personal estate of said David in expectancy. The referees thereupon examined said real and personal estate, and the will of said David, and awarded that Phinehas should pay to John $ 613 ; and in consideration of a promissory note given by Phinehas to John for that sum, John duly executed a deed to Phinehas, with the knowledge and consent of said David, by which he remised, released and for ever quitclaimed all the right, title or interest which he had or might have in or unto the estate of his father, David Trull, whether the same might fall to him (John) by will or heirship, or whether the same might be real or personal estate ; including all the property of every description, name and nature, that might be given to him by the last will of said David

Trull, or that might fall to said John by heirship from the estate of said David, wherever the same might be found.

The habendum, &c. of this deed were in these terms : "To have and to hold the aforementioned premises, with all the privileges and appurtenances thereunto belonging, to him the said Phinehas Trull, and to his heirs and assigns for ever ; so that neither I, the said John Trull, nor my heirs, or any other person or persons claiming from or under me or them, or in the name, right or stead of me or them, shall or will, by any way or means, have, claim or demand any right or title to the aforesaid premises or their appurtenances, or to any part or parcel thereof, forever."

Immediately after the giving of the deed aforesaid, said John removed from the demanded premises. In 1825, said David died seized of the same premises, and his will aforesaid was duly proved and allowed by the court of probate. The aforesaid note was paid by said Phinehas to the demandant, according to its tenor.

The said Phinehas, having intermarried with Abigail, who is now one of the tenants, and the wife of the other tenant, died on the 20th of August 1831, leaving said Abigail, his widow, and one daughter of said marriage, who died, at the age of two years, on the 10th of November following. The tenants, Stephen and Abigail, intermarried in 1833.

The said John and Phinehas resided and worked upon their father's farm, from the time of the making of his will, until the date of the deed aforesaid given to Phinehas ; and John had a family living there with him for several years before the last date. Phinehas remained and worked on said farm till the death of his father, and was thereafter in the occupation and possession thereof until his own death. Since his death, the farm has continued in the possession of the tenants and of those under whom the tenants claim from him.

Demandant to become nonsuit, or tenants to be defaulted, as the court shall direct.

*B. Rand,* for the demandant.

*Hopkinson,* for the tenants.

PUTNAM, J.   The demandant seeks, by a recovery in this action, to defeat a family arrangement, made by him and his brother Phinehas, now deceased, with the consent and knowledge of their father.   And in this respect this case is like that of *Fitch* v. *Fitch,* 8 Pick. 480, wherein it was held, that a covenant by an heir expectant that he will convey the estate which shal. come to him by descent or otherwise, is valid, if made with the consent of the ancestor, and for a sufficient consideration, and without any advantage being taken of the covenantor.

In the case at bar, the agreement between the brothers, John and Phinehas, was made upon a good and legal consideration. The price, which Phinehas was to pay to John for his right in expectancy to his father's estate, was ascertained by disinterested referees ; and the money was paid to and received by the demandant accordingly .   Whereupon the deed, mentioned in the statement of facts, was made by the demandant to Phinehas.   The tenants have the same right to the estate which Phinehas had, and which he could have and maintain if he were living.   And the question upon the whole matter is, whether the demandant is by law entitled to recover..   It has been contended for him, that no estate passed from him by his deed to his brother :   That it was a mere expectancy, and that the deed could operate on the realty only to convey the present right , and that the covenant should be restrained or limited in such manner, as that the grantor, and those under him, should not claim any part of the estate thereafter, which he *then had ;* but that he should be permitted to acquire, by grant or devise, any right to the estate thereafterwards, to his own use.   And if that were the true construction of the deed, the consequences would follow.   It may be conceded that the covenant should be limted to the premises — the subject matter of the conveyance. And it is perfectly clear, that the premises in that deed embraced what right the grantor should thereafterwards acquire, as well as what present right he had.

It is well settled, that if the heir releases with warranty, i bars him when the right descends.   In Co. Lit. 265 *a,* the law is clearly laid down.   " If there be a warranty annexed to the

release, then the son " (who released living the father) " shall be barred. For albeit the release cannot bar the right, for the cause aforesaid," (viz. that the releasor had no present interest,) "yet the warranty may rebut and bar him and his heirs of a future right which was not in him at that time." See also Fitzg. 235.

Now the covenant, in the case before us, was in effect a cov enant real. The law does not require any particular form of words to constitute such a covenant, which shall run with the land. In *Fairbanks* v. *Williamson*, 7 Greenl. 96, it was held, that a covenant that neither the grantor nor his heirs should make any claim to the land conveyed, was a covenant real, which ran with the land. In effect it is a warranty, that the grantor will not, and that his heirs and assigns shall not, thereafterwards claim the premises granted or released, or any part of the same. And although the grantor or releasor had not then a present right, yet the subsequent acquisition of it shall enure to the use of the grantee : or, in the better words of Lord Coke, the grantor shall be rebutted and barred, when he afterwards shall so claim against his own warranty. There is nothing to the contrary in the case of *Comstock* v. *Smith*, 13 Pick. 116, cited by the demandant's counsel. The grantors, in that case, conveyed all their right, title and demand in the premises, with warranty against all persons claiming by, from or under them, and not otherwise. The court construed that to be a conveyance of the interest and right which the grantors then had ; and of course that it should not conclude them from subsequently purchasing or acquiring a title to the same estate. But, in the case at bar, the deed from the demandant to his brother expressly embraced future rights to be acquired. Indeed, those rights were the substantial matter relating to which the deed and the covenant were made.

*Demandant nonsuit.*