JOHN W. KERSHAW

v.

LUCINDA KERSHAW et al.

*Filed at Springfield March 28, 1882.*

1. CONVEYANCE—*grantee bound by its terms and conditions—heir cut off from further participation in ancestor's estate.* The acceptance of a deed for land by a son from his father, which recites that "said land is deeded as an advancement to said J. W. K. (the grantee,) out of the estate of said J. K. (the grantor,) and the deed is accepted by said J. W. K. as his full and entire share of his father's estate," the recording of the same, and the enjoyment of the estate thereby conveyed, will operate to estop such grantee from denying that the seal attached to the deed is his, as well as that of the grantor, and he will not be entitled to any further share in the grantor's estate.

2. CONTRACT—*release of an expectancy by a prospective heir.* An executed contract, whereby a prospective heir releases his expectancy in his father's estate, in consideration of a present grant of real estate to him by the father, is valid and binding upon the heir, and will be enforced in a suit for partition of the residue of the lands of the estate.

3. STATUTE OF FRAUDS—*agreement by a son to accept an advancement in full of his prospective share in his father's estate.* Where a son accepts a deed from his father for a tract of land, the deed declaring in the body of it that it is accepted by the grantee as his full share in the grantor's estate, and the grantee takes and enjoys the possession of the premises, the agreement to accept such grant in full of his share in the father's estate will be binding on the son, and is not within the Statute of Frauds, as not having been signed by the grantee.

4. PAROL EVIDENCE—*to explain or contradict written contract.* Where a clause in a deed for land is binding upon the grantee, by his acceptance and enjoyment under the deed as a contract, in the absence of fraud or mistake the deed can not be explained or contradicted by parol evidence, but must speak for itself.

5. WITNESS—*competency of party who is an heir against other heirs, in partition suit.* On bill for the partition of lands among the heirs at law of the deceased owner, the court was not disposed to controvert the proposition that an heir whose right to share in the estate was denied, was a competent witness to prove that a deed accepted by him from his father was not intended to deprive him of further participation in his father's estate, if it was competent to make such proof by any other witness. But it was held such evidence was not competent for the purpose indicated.

APPEAL from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

Mr. A. G. KARR, and Mr. R. E. WILLIAMS, for the appellant:

An advancement is a gift by anticipation, from a parent to a child, of the whole or a part of what it is supposed such child would inherit on the death of a parent. *Grattan* v. *Grattan,* 18 Ill. 170; *Miller's Appeal,* 31 Pa. St. 338; *Osgood* v. *Breed's Heirs,* 17 Mass. 358; Bouvier's Law Dic. "Advancement," p. 92.

The gift to the child or heir, made in the lifetime of the intestate ancestor, is *prima facie* an advancement. *Grattan* v. *Grattan,* 18 Ill. 170; *Fleming* v. *Donahoe,* 5 Ham. (Ohio,) 255; *Story's Appeal,* 83 Pa. St. 95; *Autrey* v. *Autrey's Admr.* 37 Ala. 614; *Bulkely* v. *Noble,* 2 Pick. 337.

An advancement to a son-in-law is good as an advancement to the daughter, and in case of her death her children are chargeable with it. *Barber* v. *Taylor,* 9 Dana, 84.

A parent can not exclude a child, without the agreement of the child to that effect, from sharing equally with the other children in his estate, without making a disposition of his estate to another, so as to break the descent. The parent can not do this by will. *McIntire et al.* v. *Cross et al.* 3 Ind. 444; *Doe* v. *Lannins,* 3 id. 441; *Haxtun* v. *Corse,* 2 Barb. Ch. 506; *Denson* v. *Autrey,* 21 Ala. 205; Rev. Stat. "Descents," p. 413, sec. 12.

The parent can not do this by deed. *Cannon* v. *Nowell,* 6 Jones, (N. C.) 436; *Miller's Appeal,* 31 Pa. St. 337.

In all cases where an agreement has been made, by deed or in writing, that the child has received his share in full, and shall be excluded from sharing further in the distribution of the father's estate, such deed or agreement in writing has been signed by the child. This was so done in the following cases cited: *Bishop* v. *Davenport et al.* 58 Ill. 106; *Quarles* v. *Quarles,* 4 Mass. 680; *Kenning* v. *Tucker,* 8 id. 143; *Fitch*

v. *Fitch,* 8 Pick. 479; *Nesmith* v. *Dinsmore,* 17 N. H. 575; *Parson* v. *Ely,* 45 Ill. 232; *Trull* v. *Eastman,* 3 Metc. 121.

The alleged agreement set up in the bill in this case is an agreement in respect to an interest in land, and is not evidenced by any writing signed by the defendant, and is therefore void, being within the Statute of Frauds. Brown on the Statute of Frauds, secs. 266, 267, 268, 269; *Luckett* v. *Williamson,* 37 Mo. 389; Rev. Stat. sec. 2, chap. 59, "Frauds and Perjuries," p. 540.

If it be held that the alleged agreement is not within the Statute of Frauds, and that it needs no writing whatever to evidence it, then it is of no higher dignity than any agreement made by word of mouth, and may be disproved or contradicted by parol; and the defendant is a competent witness to prove that such agreement was never in fact made or assented to by him. *Pigg* v. *Carroll,* 89 Ill. 205; *Mueller* v. *Rebhorn,* 94 id. 142.

The defendant being the grantee in the deed, and not having signed or sealed the deed himself, is not estopped to deny the matters stated in the clause contained in the deed from his father to him. Bigelow on Estoppel, p. 289; *Winlock* v. *Hardy,* 4 Litt. (Ky.) 272; *Gardner* v. *Green,* 5 R. I. 104; *Small* v. *Proctor,* 15 Mass. 495; *Moore* v. *Eastman,* 5 N. H. 490; *Lansing* v. *Montgomery,* 2 Johns. 382; *Osterhant* v. *Shoemaker,* 3 Hill, 519; *Miles* v. *Miles,* 8 Watts & Serg. 135; *Bolling* v. *Major,* 3 Rand. (Va.) 563; Rawle on Covenants for Title, pp. 464, 465, 466.

Mr. J. E. POLLOCK, and Mr. JOHN STAPLETON, for the appellees:

A simple receipt by an heir, given in full of his share in his father's estate, in consideration of a present grant, where the estate granted is not charged to him, will be held in full payment and satisfaction of his share by express agreement, and when fair, will be enforced. *Bishop et al.* v. *Davenport*

*et al.* 58 Ill. 105; *Quarles* v. *Quarles,* 4 Mass. 680; *Kinney* v. *Tucker,* 8 id. 142; *Fitch* v. *Fitch,* 8 Pick. 479; *Nesmith* v. *Dinsmore,* 17 N. H. 575; *Parsons* v. *Ely,* 45 Ill. 232.

The acceptance of a deed and enjoyment of the estate granted, estops the grantee from denying covenants or conditions therein to be performed by him. The seal will be his as well as the grantor's, and a court of equity will restrain him from doing that which he agreed not to do by the acceptance of such deed. *Atlantic Dock Co.* v. *Leavitt et al.* 54 N. Y. 35; *Coke's Lit.* 230, Butler's note 1; *Green* v. *Heran,* 1 Salk. 197; Taylor's Landlord and Tenant, (4th ed.) sec. 245; *Trotter* v. *Hughes,* 2 Kern. 74; *Halsey* v. *Reed,* 9 Paige, 446; *Curtis* v. *Tyler,* id. 433; *King* v. *Whitely,* 10 id. 465; 2 Sandford's Ch. 251; *Burnett* v. *Lynch,* 5 Barn. & Cress. 596; *Finley* v. *Simpson,* 5 N. J. 311; 3 Washburn on Real Property, 280, (3d ed.); *Burbank* v. *Pillsbury,* 48 N. H. 475; *Spaulding* v. *Hallenbeck,* 35 N. Y. 207; *Dorn* v. *Horrahan,* 101 Mass. 398; *Thorn* v. *Keokuk Canal Co.* 48 N. Y. 353.

The recital in the deed is of as much weight, solemnity and dignity as a simple receipt not under seal, and if so, then John W. Kershaw has no interest in the estate. *Bishop et al.* v. *Davenport et al.* 58 Ill. 105.

Appellant is estopped from denying the recital in the deed. *Atlantic Dock Co.* v. *Leavitt,* 54 N. Y. 35, and cases cited; *Byrne* v. *Morehouse,* 22 Ill. 603; *Pinckard* v. *Milmine et al.* 76 id. 453; *Illinois Ins. Co.* v. *Littlefield,* 67 id. 368; *Dew* v. *Brewer,* 1 N. J. L. (Coxe,) 172; *Inskeep* v. *Shields,* 4 Har. (Del.) 345; *McCesky* v. *Leadbette,* 1 Ga. 551.

The recital is conclusive evidence against the grantee, in favor of the grantor and those claiming under him. *Torrey* v. *Bank of Orleans,* 9 Paige, 649; *Rosseel* v. *Wickham,* 36 Barb. 386; *Chatauque County Bank* v. *Risley,* 4 Denio, 480.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was a bill in the circuit court of McLean county, to assign dower to the widow of Joseph Kershaw, who recently died intestate in that county, and to make partition of the real estate whereof he died seized, among his heirs at law. Before his death, and on the 14th of July, 1864, Joseph Kershaw conveyed to his son, John W. Kershaw, a tract of 133 acres of land in McLean county, inserting in the deed therefor the following clause: "Said land is deeded as an advancement to said John W. Kershaw out of the estate of said Joseph Kershaw, and the deed is accepted by said John as his full and entire share of his father's estate." John W. Kershaw accepted this deed and placed it upon record, entered into possession of the property conveyed by it, and has, ever since, retained the same.

On the hearing in the court below, it was decreed that the land conveyed to John W. Kershaw should be brought into hotchpot, and valued as unimproved land, as of the date of the death of the intestate. John W. Kershaw appealed from this decree, and has assigned errors therein; and the appellees have also assigned, as a cross-error, that the court below erred in decreeing that John W. Kershaw bring the land so conveyed to him into hotchpot, and that he be thereupon allowed to share in the partition of the estate of the intestate.

The acceptance of the deed by John W. Kershaw, and the enjoyment by him of the estate thereby conveyed, estops him from denying that the seal attached to the deed is his, as well as that of Joseph Kershaw. *Torney* v. *Bank of Orleans,* 9 Paige, 649; *Atlantic Dock Co.* v. *Leavitt et al.* 54 N. Y. 35; *Carver* v. *Jackson,* 4 Peters, 87; *Sinclair* v. *Jackson,* 8 Cow. 585; *Newell* v. *Hill,* 2 Metc. 180; *Maine* v. *Comstock,* 98 Mass. 317; *Burbank* v. *Pillsbury,* 48 N. H. 475. See, also, upon like principle, *Byrne* v. *Morehouse,* 22 Ill. 603; *Pinckard* v. *Milmine,* 76 id. 453; *Illinois Ins. Co.* v. *Littlefield,* 67 id. 368.

The seal being, in presumption of law, the seal of John W. Kershaw as well as that of Joseph Kershaw, there is no ground for the contention of counsel for appellant that the case is affected by the Statute of Frauds. Indeed, in *Galbraith* v. *McLain*, 84 Ill. 379, we went much further than this, and held, where a deed, in which there was no such clause as that in the deed before us, was shown, by parol evidence, to have been executed by a father to his son, and possession of the property was also shown to have been taken by the latter, upon the express understanding and agreement that the property conveyed by the deed was accepted in lieu of all claim which the son might have in the residue of his father's estate upon his death, the transaction was unaffected by the Statute of Frauds. It was there insisted that both the Statute of Frauds, and certain provisions of the Statute of Wills, were in the way of the enforcement of the contract. But it was replied: "We do not think either statute can be invoked against the transaction. * * * Certainly not the Statute of Frauds, for there is a deed in writing for the 50 acres, accepted by appellant, the benefit of which he is enjoying, and as to his expectancy of an inheritance, that can not be said to be such an interest in land as he could not surrender by parol."

In *Parsons* v. *Ely et al.* 45 Ill. 232, we held that an estate in expectancy, though contingent, is a proper subject of contract, and that all agreements by expectant heirs in regard to their future contingent estates, when fairly made, upon valuable consideration, will be enforced in equity. And in *Bishop et al.* v. *Davenport*, 58 Ill. 105, we held, where the heir of an intestate had received property from the intestate, in his lifetime, and by an instrument in writing, whether under seal or not, acknowledged the receipt thereof as his full share of the estate, the property so received not having been charged to him, and the transaction being untainted with fraud, must be held to be in full payment and satisfac-

tion of his share of the estate, by express agreement. The only difference between that case and the present is, there the parties signed receipts acknowledging that the amount received was in full of their part of the intestate estate, while here the party accepts a deed in which it is recited that "the deed is accepted by said John as his full and entire share of his father's estate," places the deed upon record, and enters into possession and enjoys the property thereby conveyed; and this, as we have seen, makes him, in presumption of law, a party sealing the deed, and is, therefore, equally as conclusive upon him as if he had actually written his name beneath the clause. He is estopped, that is, not allowed, to deny that the deed is accepted by and binding upon him, as its language declares; and, as has been seen in *Galbraith* v. *McLain, supra*, even a parol promise of an heir to accept a deed of certain property in lieu of his expected interest in his father's estate, followed by the execution and delivery of the deed and possession of the property, was held to be sufficient.

But counsel contend that John W. Kershaw was a competent witness to prove that it was not intended that this deed should have the effect of depriving him of future participation in the estate of Joseph Kershaw, and they cite *Pigg et al.* v. *Carroll et al.* 89 Ill. 205, and *Mueller* v. *Rebhan*, 94 id. 142, as sustaining that contention. These cases are simply authorities for holding that, in a contest between heirs or devisees, in regard to an estate, the exceptions in the statute under which parties are allowed to testify, notwithstanding their interest in the subject matter in controversy, do not embrace them. If it were competent to make the proof here proposed to be made by John W. Kershaw, by any witness, we are not disposed to controvert but that it might have been made by him. But we deny that, in the absence of fraud, accident or mistake in the execution or acceptance of the deed (and of neither of which is there the slightest evi-

dence in the record), such proof is at all competent.   The deed must speak for itself, and can not be contradicted by parol.   This rule is so elementary and familiar that its repetition is barely excusable.   In cases of advancement, parol evidence is competent to explain the transaction, and show what was done and said, in order to arrive at the intentions of the parties, and also to show the value of the property advanced, but not even then to contradict, explain or modify written instruments.   But we have seen, here there was no advancement, but an executed contract, whereby an heir released his expectancy in his father's estate in consideration of a present grant of real estate.   The release and the joint one in writing are in the same instrument, and no attempt is made to set aside and cancel the instrument upon any established equitable grounds.

We deem it unnecessary to notice the cases cited by appellant as holding a different doctrine than that of *Parsons* v. *Ely et al.*, *Bishop et al.* v. *Davenport*, and *Galbraith* v. *McLain*, *supra*.   These cases were not hastily considered, but the conclusions were reached only after mature consideration of the questions involved, and we have no inclination to now adopt another view.

The decree of the court below must be reversed on account of the cross-error assigned, and the cause remanded for further proceedings consistent with this opinion.   The costs in this court will be taxed against the appellant.

*Decree reversed.*