# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

WILLIAM SCHEERER

*v.*

HERMAN SCHEERER.

*Filed at Ottawa January 23, 1884.*

1. PAYMENT—*what constitutes—accepting promissory note in the distribution of an estate.* A person, on the purchase of a lot, signed his father's name to the notes given to his wife's father for the money to pay for the same, and had the lot conveyed to his father, and afterward, in the settlement of his wife's father's estate, these notes were taken by such person and his wife as a part of her distributive share: *Held*, that this was a payment of the notes by the son and his wife.

2. WITNESS—*competency—one heir against another.* On petition for the partition of land by one heir against his two brothers, co-heirs, where one defendant, by his answer and cross-bill, claims the entire title, on the ground that the ancestor held the legal title in trust for him, and the other defendant disclaims any interest, the latter will be a competent witness for his co-defendant, and against the petitioner, both at common law and under the statute.

3. RESULTING TRUST—*how it arises.* A resulting trust arises where one person's money pays for land, and it is conveyed to another.

APPEAL from the Circuit Court of Jo Daviess county; the Hon. WILLIAM BROWN, Judge, presiding.

Mr. WILLIAM SPENSLEY, for the appellant:

A resulting trust can not arise unless the money of the *cestui que trust* was used in the purchase. *Holmes* v. *Holmes*, 44 Ill. 168; *Remington* v. *Campbell*, 60 id. 516; *Sturns* v. *Thompson*, 13 id. 186.

The evidence to sustain such trusts must be clear, and is always received with great caution. *Mahoney* v. *Mahoney*, 65 Ill. 406.

Charles Scheerer was not a competent witness. The parties to this suit claimed the property as heirs at law of John Scheerer, and Charles claimed in that capacity, and was therefore incompetent. *Pyle* v. *Oustatt*, 92 Ill. 209; *Stone* v. *Cooke*, 79 id. 424.

Messrs. D. & T. J. SHEEAN, for the appellee:

The evidence clearly shows that the purchase money was raised and paid by Herman Scheerer. Where land is purchased with the money of one person, and deed taken in the name of another, a trust results, by operation of law, in favor of the person whose money was used. *Coates* v. *Woodworth*, 13 Ill. 654; *Smith* v. *Smith*, 85 id. 189; *Mathies et al.* v. *Stufflebeam*, 94 id. 486; *Cramer et al.* v. *Hoose*, 93 id. 503; *Mahoney* v. *Mahoney*, 65 id. 407; *Stephenson* v. *Thompson*, 13 id. 186; *Thompson* v. *Renoe*, 12 Miss. 157; *Lynch* v. *Cox*, 23 Pa. St. 265; *Dwinel* v. *Veasie*, 36 Maine, 509; *Howell* v. *Howell*, 2 McCarter, (N. J.) 75.

As to the competency of both Herman and Charles Scheerer to testify, we refer to *Smith et al.* v. *West et al.* 103 Ill. 332; *Mueller* v. *Rebhan*, 94 id. 142; *Pigg et al.* v. *Carroll et al.* 89 id. 205; *Rause et al.* v. *Rause*, 95 id. 433; *Kershaw* v. *Kershaw et al.* 102 id. 307.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellant filed a petition for partition of the lot in controversy, in the Jo Daviess circuit court. He made appellee and

his brother Charles defendants. Appellee filed an answer and cross-bill, claiming the property as his own. There is no dispute that the fee simple title was in John Scheerer at the time of his death. Appellant claims title as heir to his father, and appellee claims that he paid the purchase price for the lot, and his father held the property in trust for his use. On the hearing the court below decreed the property to appellee, and denied the relief sought by appellant, and dismissed his bill, and he appeals to this court and asks a reversal.

The evidence shows that appellee paid all the purchase money, paid all taxes after the lot was purchased, paid for its insurance and made improvements thereon, and that he was in possession. His father, just before his death, called to his bedside his children, and stated to them that the property belonged to appellee, and that his money paid for it. He at the same time requested appellee to pay to Charles $100 he had advanced to pay a note given for the property. Charles testified that he heard his father say frequently that the property belonged to appellee, and his money paid for it. Appellee paid the $100 to Charles, as requested by his father. It is clearly shown that he held the property in trust for appellee.

A portion of the money paid for the property at the time of the purchase was borrowed from Peter Schmidt, and appellee gave his father's note for the amount. Appellee having married the daughter of Schmidt, and he having died, in the settlement of his estate appellee and his wife received and receipted for the note as so much money on his wife's share of her father's estate. This was as effectual a payment as had appellee paid the note to the administrator, and he had paid it to appellee's wife.

John Scheerer died intestate, and Charles being a son and heir, he inherited from his father one-third of his estate, yet he concedes the property in dispute belongs to appellee, and disclaims ownership. There is no evidence that appellant

ever claimed rent of appellee during the time after his father's death and before he sued. His father died nearly ten years before appellant filed his petition, and had his claim been well founded, we may well presume he would have demanded rent from appellee long before he brought suit.

It is urged that Charles was not a competent witness, and if his evidence were excluded there would be no evidence to sustain the decree. This is a misconception, as Charles was clearly a competent witness, independent of our statute in reference to the competency of witnesses. Charles disclaimed all interest in the property or the result of the suit. In the case of *Smith* v. *West*, 103 Ill. 332, it was said the evidence "clearly shows that he (Allen) had no interest in the result of the suit. Under the practice in chancery a defendant might always testify for a co-defendant, if his evidence did not necessarily involve his own interest, otherwise a complainant could have prevented a witness from testifying, simply by making him a defendant to the bill." As announcing the same rule, see *Kershaw* v. *Kershaw*, 102 Ill. 307, and *Pigg* v. *Carroll*, 89 Ill. 205. Charles was a competent witness, both at the common law and under the statute, and his evidence may be properly considered.

It is urged that the facts of this case do not establish a resulting trust. They do establish a resulting trust, and it is capable of being established and enforced in equity. It is true the trust was not declared in writing, but it is as clearly established as if it had been. A resulting trust arises where one person's money pays for land, and it is conveyed to another. Here, it is clearly and most satisfactorily proved Herman's money paid for this land, and the title was conveyed to the father, who repeatedly stated that Herman's money had paid for the property, and it was his. Of this there seems to be no doubt, and it establishes a resulting trust that equity is required to enforce. Appellee entered into possession, and made valuable improvements on the

property.    His father repeatedly, and at all times, stated the property belonged to appellee.    The evidence clearly shows that the father held the property in trust for appellee, and the circumstances take the case out of the Statute of Frauds, and there was no error in decreeing the title to appellee.

Finding no error in the record, the decree of the court below must be affirmed.

<div align="right">

*Decree affirmed.*