Brown *et al. v.* Brown *et al.*

No. 17,066.

BROWN ET AL. *v.* BROWN ET AL.

CONTRACT.—*Parent and Child.—Advancement in Full Consideration of Child's Expectant Interest in His Ancestor's Estate.*—Where the father makes a contract with certain of his children, who are his expectant heirs, all of full age, by the terms of which they are to receive a present allowance, in land, by way of advancement, in full for all their expectant interest in his estate, and agree to release the estate of all claims thereafter on his death and the final settlement and distribution of the estate, such contract, in family settlement, if made freely and without fraud, is binding and valid upon all parties concerned.

SAME.—*Family Settlement.—Answer Setting Up Such Settlement.—Sufficiency of Reply to.—Equitable Relief.*—Where the reply to an answer setting up such contract, stated that at the time of the contract and deed the second wife, now widow, of the ancestor had a great dislike for plaintiffs, children of a former wife, and a strong and undue influence over said ancestor, and was using every persuasive means in her power to induce him to will all his property to her and her children, and cut plaintiffs out entirely, and that the contract and deed were made under the above circumstances and surroundings, by reason of which facts plaintiffs aver that by said advancements they received but a small portion of their father's estate,—it presents a case which appeals so strongly to equity that the issues as to the freedom and fairness of the contract between the father and his children by his first wife ought to be determined by the court after hearing the evidence, and not upon demurrer.

From the Parke Circuit Court.

*H. B. Hensley, J. M. Johns, E. Hunt* and *A. M. Hadley,* for appellants.

*S. D. Puett, A. M. Adams, S. McFaddin, T. N. Rice.* and *J. T. Johnston,* for appellees.

HOWARD, J.—The appellants filed their complaint against the appellees, asking for partition of certain lands described.

On the overruling of a demurrer to the complaint, the appellees answered, averring that one William Brown,

father of appellants and appellees, except the appellee Sarah J. Brown, who is his widow, died in 1893 the owner in fee simple of the lands described in the complaint, leaving the parties hereto his only heirs at law; that on July 12, 1892, the said decedent, William Brown, conveyed to appellants certain real estate and other property as an advancement and in full of their interest in his estate, which property the appellants accepted as such advancement in full of such interest in their said father's estate; that appellants are the children of said decedent by his first wife, also deceased, and the appellees Julia E. Reeder and Ella May Gray, are the children of said decedent by his second wife, and now widow, the appellee Sarah J. Brown, who, in consideration of said release by appellants of their interest in their father's estate, joined with her said deceased husband in deeding her one-third interest in the lands so conveyed by him to appellants; that appellants have and hold said land and other property so conveyed to them.

In a second paragraph of answer, it is averred, in addition, that a controversy having arisen between said decedent and his said children, the appellants, in regard to his final report as their guardian, the said William Brown and the appellants, except the appellant Sarah J. Spencer, met on July 12, 1892, for an adjustment of all differences, at which time the agreement was made that said decedent should convey to appellants said land and other property in full of all demands due, and also in full of all claims appellants or their heirs might have upon his estate at his death and final settlement of his estate, which property was accepted by them in like manner and the agreement reduced to writing, said agreement being afterwards accepted and signed by the remaining appellant, Sarah J. Spencer; that a deed was made and accepted for said land, and appellants have

since been in the enjoyment of all said property. The agreement and the deed are made exhibits to the answer.

Separate demurrers being overruled to each paragraph of the answer, the appellants replied, admitting the making of the agreement and deed mentioned, and that they received from their father the other property referred to. But they said that at the time of said agreement the said William Brown, who had been for many years their guardian, was indebted to appellants in a large sum for property, moneys, and rents, which had descended to them from their mother's estate, and for which he had failed to account in his final report as guardian; that the larger part of the said consideration in land and other property received by them was in settlement of said guardianship indebtedness, and the residue only was received as an advancement on their interest in their said father's estate; that they were, at the date of said agreement, July 12, 1892, and are still unable to state the exact amount due them from their mother's estate so in the hands of their father as guardian, or to state how much of said consideration received by them should be charged as an advancement, but that in no event should more than two thousand dollars thereof be so charged; that at the time of said agreement their said father owned in his own right, free of all indebtedness or liabilities, real estate of the value of thirteen thousand dollars, and after conveying to appellants the lands mentioned in the answer, he continued to own up to his death, and died intestate seized of, the lands described in the complaint, of the value of nine thousand dollars, and personal property, also free from liabilities, of the value of three thousand dollars; that at the time of said agreement and deed, the appellee Sarah J. Brown, second wife of said William Brown, deceased, had a great dislike for appellants and a strong and undue influence over her said husband, and

was using every means in her power to induce him to will all of his property to her and her children, and cut these appellants out entirely; that said agreement and deed were made and said moneys, land, and other property received under the foregoing surroundings and circumstances; that by reason of said facts appellants received but a small part of their said father's estate, and that after charging them with said amount so advanced there would still remain due them a large amount of property to equalize them with their said father's children by his second wife; that in equity there should be an accounting to determine what amount should be charged appellants as an advancement, and such amount taken into consideration in making partition of said lands described in the complaint.

To this reply a demurrer was sustained, and the appellants refusing to plead further, this appeal followed.

The written agreement mentioned in the answer and reply is as follows:

"Whereas, differences have arisen between William Brown and his four children, Sarah J. Spencer, George W. Brown, Harriett J. Holbert, and Martha A. Holbert, concerning his guardianship while guardian of said children.

"Now, it is agreed by and between said parties that said William Brown shall deed to said children eighty acres of land, to wit: The west half of the southwest quarter of section 12, in township 14, range 8, in Parke county, Indiana, at the sum of $4,000; and, in addition thereto, he is to pay to said children the sum of $733.35 in two years, with interest, and is to turn over to said children the one-half of the rents of all crops on said eighty-acre tract (wheat and corn) of land, which deed and money and rents are to be taken by said children in full settlement of all claims and demands they may have

against him, said William Brown, and also in full of all
right and claim they or their heirs may have in the estate
of said William Brown at his death and final settlement
of his estate. Which deeds and notes in settlement are
in the hands of T. N. Rice, to be delivered to the said
parties respectively on the signing of this agreement by
Sarah J. Spencer, who is now residing in Arkansas.

"Witness the hands and seals of the parties hereto, this
12th day of July, 1892.

"WILLIAM BROWN,

"GEORGE W. BROWN,

"MARTHA A. HOLBERT,

"HARRIET J. HOLBERT,

"SARAH J. SPENCER."

From the admitted facts, the land to be partitioned is
worth nine thousand dollars. Out of this, deducting
the widow's third, there would remain for the six chil-
dren six thousand dollars. If to this we add the estimated
advancement, we have eight thousand dollars, or some-
what less than three thousand dollars for the two appel-
lee children and over five thousand dollars for the appel-
lants. As the advancement to the appellants was but
two thousand dollars, it is apparent that they received
at least three thousand dollars less than the real value
of their interest in their father's real estate as it would
fall to them in case there had been no contract or ad-
vancement. If the question, then, were merely as to the
adequacy of the consideration, the decision must, in
equity, be with the appellants.

If this case concerned the sale of an expectancy, and
the inquiry were whether the appellants (having made
sale of their expectant estate, worth five thousand dol-
lars, for a consideration of two thousand dollars) were
thereby estopped from bringing that consideration into

a court of equity and asking to have such sale set aside, we should have no hesitation in holding such sale invalid. Such a case was *McClure* v. *Raben*, 125 Ind. 139, relied upon by appellants. See, also, *Chambers* v. *Chambers*, 139 Ind. 111, and authorities there cited.

The case before us, however, does not concern a sale of an expectant estate made by presumptive heirs to a stranger, without the consent of the ancestor and for an inadequate consideration. It concerns, rather, a contract of settlement made by the ancestor himself with the expectant heirs, all of full age, by the terms of which they are to receive a present allowance, by way of advancement, in full for all their expectant interest in his estate, and agree to release the estate of all claims thereafter on his death and the final settlement and distribution of the estate.

We have no doubt that such a contract, in family settlement, if made freely and without fraud, would be valid and binding upon all parties concerned, as any other contract. *Gray* v. *Bailey*, 42 Ind. 349; *Bishop* v. *Davenport*, 58 Ill. 105; *Galbraith* v. *McLain*, 84 Ill. 379; *Kershaw* v. *Kershaw*, 102 Ill. 307; *Jones* v. *Jones*, 46 Ia. 466; *Smith* v. *Smith*, 59 Me. 214; *Trull* v. *Eastman*, 3 Met. (Mass.) 121; Thornton Gifts and Advancements, 540, and authorities there cited.

Indeed, if a father may, by will, bestow his property upon some of his children to the exclusion of the rest, as he undoubtedly may, there seems no good reason why he may not enter into a fair and open contract with one or more of his children and give in advance all that he is disposed to give; as, when it was said by one of the two sons: "Father, give me the portion of substance that falleth to me. And he divided unto them his substance." Nor do we read that when the prodigal lost his portion he came back asking for a share of that

which was left.   On the contrary, he stood by his con-
tract, even so far as to request that he might be made a
servant in his father's house.

But such a contract, like a will itself, must be freely
made, and without fraud or undue influence.

It is admitted by demurrer in this case "that at the
time of said contract and agreement and deed the said
defendant, Sarah J. Brown, the second wife of said Will-
iam Brown, had a great dislike for plaintiffs, and a
strong and undue influence over said William; was using
every persuasive means in her power to induce said
William to will all of his property to her and her chil-
dren and cut plaintiffs out entirely, and that said agree-
ment and deed were made, and said moneys, rents and
lands were received under the above circumstances and
surroundings; that by reason of said facts plaintiffs aver
that by said advancements they received but a small por-
tion of their said father's estate."

These allegations are not so definite as they might be,
but, taken in connection with all the other facts alleged
in the pleadings, it would seem that they present a case
which appeals so strongly to equity that the issue as to
the freedom and fairness of the contract between the
father and his children by his first wife ought to be de-
termined by the court after hearing the evidence, and
not upon demurrer.

The judgment is therefore reversed, with directions to
overrule the demurrer to the reply, and for further pro-
ceedings.

Filed Dec. 19, 1894.