## EISSLER *v.* HOPPEL ET AL.

[No. 19,726.   Filed February 6, 1902.]

COMPROMISE AND SETTLEMENT.—*Release of Expectancy.*—*Contract Between Heirs.*—*Wills.*—A contract entered into by the parties in compromise and settlement of a suit by plaintiff to establish certain rights and interests in the estate of her father in contravention of the terms of his will, which had been admitted to probate, whereby the plaintiff in such action, for a valuable consideration, in open court, renounced and released all rights under the will of her father, and all right, claim, title, and interest in the estate of which her mother might die seized, is a valid and binding contract, and, pleaded in answer, constituted a good defense to an action by such plaintiff to contest the will of her mother.

From Vanderburgh Superior Court; *J. H. Foster,* Judge.

Suit by Johanna Eissler against John Hoppel and others to contest a will. From a judgment for defendants on their answer, plaintiff appeals. *Affirmed.*

*H. M. Logsdon* and *J. G. Owen,* for appellant.

*A. W. Funkhouser* and *A. F. Funkhouser,* for appellees.

HADLEY, J.—Suit by appellant to contest the will of her mother, Lena Hoppel. The appellees, being the other heirs and beneficiaries under said will, answered that the plaintiff (appellant) had no interest in the estate of her mother and no right to maintain the action. Judgment on the answer for the appellees, from which the plaintiff appeals.

The substance of the answer is: That on the 21st of June, 1893, during the life time of her mother, a cause was pending in the Vanderburg Circuit Court, wherein the appellant and her husband were plaintiffs, and her mother, Lena Hoppel and other named beneficiaries under the will of her father, John Hoppel, deceased, who are also legal heirs of her mother, were defendants; that in said suit appellant was attempting to establish certain rights and interests in the estate of her said father in contravention of the

Eissler *v.* Hoppel.

terms of his last will, which will had been admitted to probate; that the claim alleged by appellant was adverse to the claims and interest of all the defendants in said suit; that by the will of her father, John Hoppel, appellant was bequeathed $2,500, payable after the death of her mother, Lena Hoppel, with the condition that, if appellant should die without children, $1,000 of said legacy should be paid to her husband and $1,500 divided between the defendants in said suit other than Lena Hoppel; that by way of compromise and settlement of all differences between the parties to said suit then and there pending, and as a settlement and compromise of all disputed rights under the will of said John Hoppel, said parties, after issues joined, agreed in open court to an order, judgment, and decree in these words: "Comes now the defendant Lena Hoppel, by her attorneys, and come now the plaintiffs in person and by their attorneys, and come now the defendants John Hoppel Jr., Henry Hoppel, George Lintz, and Christian Lipper in person and by their attorneys, and the issues being joined, this cause comes on to be heard before the court without the intervention of a jury, and now upon hearing of this cause, and by the consent and agreement of all the parties, made in open court, as a compromise and settlement of all the differences existing between the plaintiffs and the defendants, it is hereby ordered and adjudged and decreed that the defendants pay to the plaintiffs the sum of $3,000 in full settlement and discharge of all liability on the part of the defendants, or either of them, to the plaintiffs, or either of them, and in full satisfaction and discharge of the share or portion to which the said plaintiff Johanna Eissler may at any time have in any estate, property, rights, credits, or choses in action belonging to the said Lena Hoppel, at the time of her, the said Lena Hoppel's death, and in full payment and discharge of all the rights, claims, demands, interest or share, legacy or bequest contained in the last will and testament of John Hoppel, Sr., deceased, and the said

Johanna Eissler in open court personally renounces and releases all right, claim, title, and interest in the estate of which the said Lena Hoppel may die seized and possessed, and releases and renounces all claim under the mortgages and deeds described in the plaintiff's complaint, and all rights under the last will and testament of said John Hoppel, Sr., deceased." That in January following appellant accepted said sum of $3,000, and in the acceptance of the same executed on the margin of the record of said agreement and decree the following acknowledgment: "We hereby acknowledge receipt of $3,000 in full of amount ordered herein to be paid to Johanna Eissler, and we hereby agree for ourselves and our heirs to be bound by the terms and provisions of this decree. Johanna Eissler, Henry Eissler. Attest, Charles F. Boepple, Clk. Charles Sihler, Depty. James T. Walker." The overruling of appellant's demurrer to this answer is the only question presented.

On the one hand it is affirmed by appellant that the answer is bad, because it shows that at the time of the compromise and settlement appellant had no interest or right in her mother's estate, who was then living, that was the subject of contract and conveyance, and, there being no warranty in the agreement, an after-acquired interest, upon the death of the mother, would not pass under the agreement and decree. On the other hand, appellees contend that the answer is good, because it shows that the decree of court was entered upon an agreed family settlement, fair in its terms, to which the ancestor and heirs expectant, including appellant, were parties, each agreeing thereto knowingly and with freedom from fraud; and appellant, having received the agreed consideration for the relinquishment of her expectant interest in the estate of her mother, is bound thereby. The situation at the time of the agreement was this: Appellant was a legatee for $2,500 under her father's will, payable after her mother's death, but conditioned that, if appellant died childless, $1,000 of the legacy should go

to her husband, and the other $1,500 to her brothers and sisters, who were parties to the agreement. It will thus be seen that appellant, by the agreement with her mother and brothers and sisters, obtained immediate and absolute possession of the $2,500 legacy and $500 additional. The mother surrendered the use and benefit of the $2,500 for and during her life and $500 of her own estate, and the brothers and sisters surrendered their contingent interest in $1,500 of the legacy and their prospective interest in the additional $500 given by the mother. These valuable considerations moved appellant to covenant and agree "that said $3,000 should be in full satisfaction and discharge of the share or portion to which she might at any time have in any estate, property, rights, credits, or choses in action belonging to the said Lena Hoppel (her mother) at the time of her, the said Lena Hoppel's death."

We see no reason why this agreement should not have the force and effect its terms indicate. Appellant cites and relies for a reversal upon the principle announced in *McClure v. Raben,* 125 Ind. 139, 9 L. R. A. 477. But it is perfectly plain that this case does not come within the class to which the McClure case belongs. The transaction falls far short of being an attempt by an heir to sell and transfer to a stranger his expectant interest in his ancestor's estate without the knowledge and consent of such ancestor. The reasons which invoke the law's disapproval of contracts for the sale of expectancies, without the knowledge and consent of the ancestor, are wholly absent from the case before us. Here a mother is dealing directly with her children, one of whom has become dissatisfied as to her rights in her father's estate. "To settle all differences that have arisen" as the agreement reads, in the distribution of the patrimony, and thus to restore peace and good fellowship in the family, the mother intervenes between her children, and, to accomplish her maternal purpose, appropriates part of her own estate. The settlement contract was fair to appellant, so far as any-

thing appears, and surely no presumption will arise against the mother. The mother evidently derived no financial benefit from it. She gave up important rights when she was under no obligation to do so. If she had chosen, she might have willed her property to her other children, to the utter exclusion of appellant; or she might have expended it all in her own comforts and pleasures, or wasted it in improvident management, without giving appellant grounds for complaint. On the other hand, appellant was competent and qualified to decide for herself whether the $3,000, cash down, in her absolute right, was better than to take chances against contingencies in getting a larger sum upon the death of her mother. Public policy rather promotes than condemns such contracts. It often happens that children after leaving home, and engaging in enterprises of their own, become so situated that the advancement, at a particular time, of a less amount than seems likely to be a full share at the death of an ancestor, will be more profitable to the recipient than to wait for the larger amount. In such cases, therefore, parents and other kindred, being presumed to be considerate of the rights and interests of those who are naturally the objects of their bounty, are left free to deal with their heirs as they may deem just with respect to the heirs' ultimate portion, and may advance a part, or, as in any other matter, contract with the heir for a specific amount in full of all expectancy; and when such a contract is free from fraud, and supported by a valuable consideration, courts of equity will enforce it against the heir after the death of the ancestor, though it may turn out to have been a disadvantageous bargain. *Brown* v. *Brown,* 139 Ind. 653; *Nicholson* v. *Caress,* 59 Ind. 39, 49; *Power's Appeal,* 63 Pa. St. 443; *Crum* v. *Sawyer,* 132 Ill. 443, 24 N. E. 956; *Havens* v. *Thompson,* 26 N. J. Eq. 383; *Estate of Garcelon,* 104 Cal. 570, 38 Pac. 414, 32 L. R. A. 595, 43 Am. St. 134; *Brands* v. *DeWitt,* 44 N. J. Eq. 545, 10 Atl. 181, 14 Atl. 894, 6 Am. St. 909; *Jones* v. *Jones,* 46 Iowa 466, 472.

The answer is sufficient, and there is no pretense but the proof fully sustained it. Appellant, having no interest in her mother's estate, has no standing in court to contest her will.

Judgment affirmed.