## BOYER v. BOYER ET AL.

[No. 9,001. Filed March 15, 1916. Rehearing denied May 19, 1916.]

1. DESCENT AND DISTRIBUTION.—*Advancements.*—*Presumptions.*— Courts generally look with favor on an equal distribution of an estate cast upon heirs, and when it is disclosed that an heir received from the ancestor money or property during the lifetime of the ancestor, there is a presumption that the same was an advancement. p. 78.

2. DESCENT AND DISTRIBUTION.—*Rights of Heirs.*—*Renunciation.*— A contract between father and son, whereby the latter agrees in consideration of the transfer of certain property to him at that time to relinquish all claim as heir to the property of which the father might die seized, is founded on a valid consideration, and, in the

absence of fraud, is binding on the son, though the amount received by him was not equal to his full proportionate share of the estate. p. 78.

From Benton Circuit Court; *Burton B. Berry*, Judge.

Action by Mahlon R. Boyer against Simon R. Boyer and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Fraser & Isham*, for appellant.
*Thompson & McAdams*, for appellees.

MORAN, J.—In the early part of the year of 1907, Simon H. Boyer, a widower of the advanced age of seventy years, was the owner of a large amount of property, consisting principally of real estate, a major portion of which he distributed among his four sons. At the time of making the distribution to his son Mahlon R. Boyer, he exacted of him a writing, which in its nature amounts to a quitclaim and release of any further interest in any estate that his father might be the owner of at the time of his death. On January 14, 1913, Simon H. Boyer departed this life intestate, leaving surviving his four sons, appellant and appellees; but no other children, nor the descendants of any child. At the time of his death, he he was the owner in fee simple of forty acres of real estate in Benton county, Indiana, the title to which is here in controversy. The litigation is waged around the writing entered into between appellant and his father aforesaid. It is appellant's position that, irrespective of the writing, he inherited under the law an undivided one-fourth interest in the tract of real estate owned by his father at the date of his death. On the part of appellees, it is contended that the writing is binding upon appellant, and that upon the death of

their father they became the owners of the entire tract of real estate as tenants in common by the law of descent.    To the end that the question might be adjudicated, appellant became the moving party, but later upon the filing of a second paragraph of cross-complaint by appellees, which embodied the writing entered into between appellant and his father and alleged the ownership of the real estate in fee simple and that they were entitled to have the title quieted as against him, appellant dismissed his complaint and appellees their first paragraph of cross-complaint, leaving in the record the second paragraph of cross-complaint and two affirmative paragraphs of answer.

Tersely stated, the first paragraph of answer alleges that there was no consideration for the execution of the writing heretofore mentioned; that the same was void and of no effect in so far as it sought to estop appellant from claiming an interest in the real estate of which his father died seized; that it only served as evidence of an advancement, as each of appellees received a like amount of property about the time the writing was entered into; and that if the real estate left by appellant's father at the time of his death should all be awarded appellees, appellant would be deprived of sharing equally with his brothers in the bounty of his deceased father.    The second paragraph pleads all the facts as to the circumstances under which the writing made a part of the second paragraph of the cross-complaint was entered into, the legal effect of which, however, does not differ from that of the first paragraph of answer.    Appellees' demurrer was sustained to each of said paragraphs of answer, and appellant elected to stand on the ruling on the demurrer to the second paragraph of cross-complaint and the answers to the cross-complaint.

Judgment was rendered in favor of appellees that they were the owners of the real estate in fee simple as tenants in common, and that appellant was entitled to no part of the same, from which judg-. ment appellant has appealed; and he assigns as error the overruling of his demurrer to appellees' second paragraph of cross-complaint and the sustaining of appellees' demurrer to appellant's first and second paragraphs of answer.

Omitting the formal parts and description of real estate, the writing which furnishes the subject-matter of this litigation reads:

"1.  Whereas, the said Simon H. Boyer is desirous of settling and disposing of his estate among his children during his life; 2.  And whereas the said Simon H. Boyer hereby agrees and has this 2d day of February, 1907, deeded to his son, the said Mahlon R. Boyer, the following described property, * * * and has executed in favor of said Mahlon R. Boyer, a release to a certain mortgage in the sum of Two Thousand Dollars ($2,000) given by Arthur C. Goodwine on the 10th day of November, 1903, to the said Simon H. Boyer, on the following described real estate: * * * 3.  And whereas said Simon H. Boyer in addition to the deeds and mortgage release above set forth has paid unto his son, the said Mahlon R. Boyer, the sum of $500 in cash, the receipt whereof is hereby acknowledged. 4.  Now, therefore, in consideration of the deeds, release of mortgage, and money this day received from his father, the said Simon H. Boyer, the receipt of which the said Mahlon R. Boyer hereby acknowledges, he the said Mahlon R. Boyer does by these presents waive, relinquish, and quitclaim to all other heirs and parties whatsoever all his rights, claims and interests as an heir in the remaining estate of his said father, and to any additional estate

that his father, the said Simon H. Boyer, may die seized of. And as a further consideration for thus receiving all his share of his father's estate in advance, the said Mahlon R. Boyer agrees to pay to his father, the said Simon H. Boyer the sum of Four Hundred and Twenty-five Dollars ($425) annually during the lifetime of his father, the first payment to be made on the first day of April, 1908, and annually thereafter on the first day of April in each year."

It is appellant's contention that the right of inheritance is fixed by statute (§2990 Burns 1914, §2467 R. S. 1881), and that the foregoing contract is in violation of the law and is wanting in equity; that the devolution of property cannot be controlled by contract, such as is here under consideration; that to do so resort must be had to testamentary disposition, as provided by statute (§3132 Burns 1914, §2376 R. S. 1881), and in the absence of such disposition the estate left by appellant's father descended to his heirs and that the instrument in writing, so far as it seeks to prevent appellant from participating in such estate left by the ancestor is not sanctioned by the law and is void, and could serve only as evidence of an advancement made to appellant. This insistence is not without support. It has been held by some courts that an agreement for the relinquishment of an expectancy is not binding on the ground that it is impossible for an heir to traffic in his expectancy, something that has no existence and may never have. *Elliott* v. *Leslie* (1907), 124 Ky. 553, 99 S. W. 619, 124 Am. St. 418; *Needles* v. *Needles* (1857), 7 Ohio St. 432, 70 Am. Dec. 85; *Headrick* v. *McDowell* (1903), 102 Va. 124, 45 S. E. 804, 102 Am. St. 843, 65 L. R. A. 578; *Spears* v. *Shaw* (1909), 118 S. W. (Ky.) 275, 25 L. R. A. (N. S.) 436. In addition

to appellant's contention finding support in the foregoing authorities, it may be stated generally that courts look with favor on an equal distribution of an estate cast upon heirs, and when it is disclosed that the heir received from the ancestor money or property during the lifetime of the ancestor, there is a presumption that the same was an advancement. *Ruch* v. *Biery* (1887), 110 Ind. 444, 11 N. E. 312; *Higham* v. *Vanosdol* (1890), 125 Ind. 74, 25 N. E. 140. However, the weight of authority seems to recognize as valid instruments of writing of the import here under consideration. In other words, it seems to be laid down, as a general rule, by many jurisdictions of this country that an express agreement upon the part of a donee, in consideration of an advancement to waive and relinquish all further interest in the estate of the donor, is, in case the donor dies intestate, binding on the donee, and bars and estops him from claiming any further interest in the estate after the death of the donor. In support of this general proposition are the following decisions. *Galbraith* v. *McLain* (1877), 84 Ill. 379; *Kershaw* v. *Kershaw* (1882), 102 Ill. 307; *Simpson* v. *Simpson* (1885), 114 Ill. 603, 2 N. E. 258; *Roberts* v. *Coleman* (1892), 37 W. Va. 143, 16 S. E. 482; *Coffman* v. *Coffman* (1895), 41 W. Va. 8, 23 S. E. 523; *In re Simon* (1909), 158 Mich. 256, 122 N. W. 544, 17 Ann. Cas. 723; *Brown* v. *Brown* (1894), 139 Ind. 653, 39 N. E. 152; *Eissler* v. *Hoppel* (1902), 158 Ind. 82, 62 N. E. 692; *Trull* v. *Eastman* (1841), 44 Mass. 121, 37 Am. Dec. 126; *Nicholson* v. *Caress* (1877), 59 Ind. 39.

The reasons generally advanced by the courts in upholding contracts, such as the one before us, are that, when a child accepts and uses an advancement

given and received as his full distributive share
of the estate, he is estopped from denying the ex-
press conditions in the instrument by virtue of
which he received the advancement and, if he did
not want to be so bound, he should not have re-
ceived the same; and that sometimes the present
use of a certain sum is worth more to a child than
the uncertain prospect of sharing in the parent's
estate, although the future share may in the end
amount to many times the value of the advance-
ment.   There is no inhibition in the law which
prohibits the child and the parent taking into con-
sideration the size and character of the estate, the
necessities and surroundings of the child, and from
this fix a certain amount which when received by
the child will be deemed equivalent to the child's
full distributive portion of the ancestor's estate at
the time of his death.   And in this connection, it
must be presumed that the parent relied upon the
agreement and, but for it, would have made a will,
which would be binding upon the child.   In
*Brown* v. *Brown, supra,* 658, the Supreme Court
of this State, said: "Indeed, if a father may,
by will, bestow his property upon some of his
children to the exclusion of the rest, as he un-
doubtedly may, there seems no good reason why
he may not enter into a fair and open contract
with one or more of his children and give in ad-
vance all that he is disposed to give."   And fol-
lowing the case of *Brown* v. *Brown, supra,* it was
held in the case of *Eissler* v. *Hoppel, supra;* that
it would be presumed that parents, dealing with the
natural objects of their bounty, would be considerate
of the rights and interests and are, therefore, left
free to deal with their heirs as they deem just, and
when such contracts are free from fraud and sup-
ported by a valuable consideration, courts of equity

will enforce them against the heirs after the death of the ancestor, although the contract may turn out to be disadvantageous bargains.

While the reason does not appear from the instrument in writing why appellant was confined to the estate thus advanced, we must presume that the father had reasons for so limiting him to the estate advanced. This he could have done by will, as the right to inherit is not a natural nor an inherent right. There being no fraud disclosed and the quitclaim and release being based upon a valuable consideration, in the light of the authorities, the court did not err in overruling appellant's demurrer to the cross-complaint of appellees nor in sustaining appellees' demurrer to appellant's affirmative paragraph of answer. Judgment affirmed.

NOTE.—Reported in 111 N. E. 952. Persons entitled to succeed to the estates of intestates, 12 Am. St. 81. Right of one receiving advancement and executing release of interest in estate to share in after-acquired property, 65 L. R. A. 578. Validity of the sale of an expectancy by a prospective heir, 25 L. R. A. (N. S.) 436. Validity and effect of an agreement by an heir relinquishing his expectancy in an estate in consideration of an advancement, 17 Ann. Cas. 725.