## SWIGERT *v.* MILES ET AL.

[No. 10,650.   Filed March 8, 1921.]

1. DESCENT AND DISTRIBUTION.—*Waiver by Child to Share in Parent's Estate.—Contract.—Validity.*—A child may, by contract with the parent, waive and bar its right to participate as heir in the distribution of the estate left by the parent; and such a release may also cover personal property only.   p. 87.

2. CONTRACTS. — *Construction. — Unambiguous Language.* — In construing a contract, the first resort is to the natural signification of the words employed in the order of the gram-

matical arrangement in which they are placed, and if, thus regarded, the words embody a definite meaning which involves no absurdity and no contradiction between different parts of the writing, the courts must say that such meaning is the only one intended to be conveyed. p. 88.

3. DESCENT AND DISTRIBUTION.—*Receipt of Money for "Partial" Share of Parent's Estate.—Construction.*—A written receipt, given by a daughter to her father, acknowledging the receipt of a certain sum of money "which she agreed should be her partial share of all real estate" owned by her father at his death, did not bar her right to participate as heir in the distribution of the realty left by her father, the word "partial," as used in such receipt, indicating that the money received was only an advancement to the daughter. p. 89.

From Wells Circuit Court; *E. E. McGriff*, Special Judge.

Action by Arla Miles against Minnie Swigert and others. From a judgment for plaintiff, the defendant named appeals. *Reversed.*

*William H. Eichhorn* and *Moran & Gillespie*, for appellant.

*Abram Simmons* and *Charles G. Dailey*, for appellees.

ENLOE, J.—This action was brought by the appellee Arla Miles in the Wells Circuit Court to have partition of certain lands described in her said complaint, and also to have her title thereto quieted as against the claims of certain persons, appellant herein being one of such named defendants.

Various pleadings were filed by the parties thus brought into court, and, the issues being finally closed, the cause was submitted to the court for trial, with a request that the court find the facts specially and state its conclusions of law thereon. This was done and the conclusions of law thus stated were adverse to the appellant herein. The judgment was in accordance with said conclusions of law, and the appellant now prosecutes this appeal upon proper assignments of error as to said conclusions.

It will not be necessary to set out the special findings at length, nor the conclusions of law.   This entire cause depends upon the construction to be given to a certain instrument in writing executed by appellant on December 13, 1909, and which, as set forth in special finding No. 17, is as follows:

"Personally appeared before me, Forrest E. Jump, a notary public, Minnie Swigert, formerly Minnie Dawley, daughter of Horace Dawley, a resident of Wells County, Indiana, and says that she is the daughter of Horace Dawley, and that her name is now Minnie Swigert and that she is a resident of Wells County, Indiana, and that on the first day of February, 1909, she received from her father, Horace Dawley, thirty-five hundred ($3,500.00) dollars, which she agreed should be her partial share of all real estate owned by her father, Horace Dawley, at his death, and she hereby agrees to accept the same as such share in said real estate. Minnie Swigert hereby agrees that this shall be her receipt for the above-named amount of money, and receipt of the same is hereby acknowledged as for the purpose above set out, and that the same is her own voluntary act and deed."

The instrument was signed by said Minnie Swigert and there is the usual jurat which follows an affidavit attached to said statement.   In short, the statement above seems to have been made by her under oath.

It is well settled in this state that a child may, by contract with the parent, waive and bar its right to participate as heir in the distribution of the estate left by the ancestor.   *Gray* v. *Bailey* (1873), 42 Ind. 349; *Brown* v. *Brown* (1894), 139 Ind. 653, 39 N. E. 152.   Such a release may also cover personal property only.   *Lockyer* v. *Savage* (1782), 2 Strange 947; *Medcalfe* v. *Ives* (1837), 1 Atkyns 63.

The question in this case is simply this:   Did the appellant, Minnie Swigert, by agreement with her father, as shown by the above instrument, receive said sum of

money in full settlement of her future interest as heir in and to her father's real estate of which he should die seized? If she did, then the court did not err in its conclusion of law, and the judgment is right. But if said instrument fails to show that she did so agree, or shows to the contrary, then the court erred in its said conclusions of law and this cause must be reversed.

In *Blythe* v. *Gibbons* (1895), 141 Ind. 332, 35 N. E. 557, it was said: "Whether we are considering an agreement between parties, a statute, a constitution, a judgment or order of court, with a view of its interpretation, the thing which we are to seek *is the thought which it expresses*. To ascertain this, the first resort in all cases is the natural signification of the words employed, *in the order of grammatical arrangement in which the framers of the writing have placed them*. If thus regarded, the words embody a definite meaning, which involves no absurdity and no contradiction between different parts of the same writing, then that meaning, apparent on the face of the writing, is the one which alone we are at liberty to say was the one intended to be conveyed. * * * That which the words declare as the meaning of the writing is the true one, and neither courts nor legislature have a right to add to or take away from that meaning." (Our italics.)

In *Leiter* v. *Emmons* (1898), 20 Ind. App. 22, 50 N. E. 40, it was said: "For us to say that the contract was one of sale, we must say that the parties meant nothing by the words 'in store,' and this we cannot do, if the contract is capable of being construed with those words left in."

In *Beard* v. *Lofton* (1885), 102 Ind. 408, 2 N. E. 129, it was said: "In the construction of contracts the leading purpose, of course, is to ascertain the true meaning of the contracting parties. But, in doing this, courts

are confined to the contract *as written,* in the absence of proper averments of mistake." (Our italics.)

Keeping the rules of construction, as thus laid down, in mind, we now proceed to a consideration of the writing in question.

If we should strike out of said writing the word "partial," we would then have said instrument reading, as to that particular clause thereof, "which she agreed should be her share of all real estate owned by her father, Horace Dawley, at his death." This would, to our minds, clearly express the idea contended for by appellees herein. Speaking as of the time when said money was paid, appellant, as heir of her father, if she should survive him, would have been entitled to a *share* in his estate, to a share in his personal property, and to a share in his real property owned by him at time of his death. This was, and would be, the full extent of her then rights: *a share,* and nothing more. There was no need, except possibly for emphasis, to employ the word *"full,"* or any other adjective of similar meaning to modify it. The law of inheritance would give to her a child's part, *a share,* and, this being all that she could claim under the law, it necessarily follows that it was all that she could by contract release and waive. But the instrument in question says, "which she agreed should be her *partial* share, of all real estate owned by her father." Can we say that when she used the word "partial," she meant nothing thereby? This we cannot do, if the said instrument is capable of being construed with the word left in. The word "partial," as used in said instrument, is an adjective, and modifies the word "share." As an adjective, its force and meaning is well fixed. The Century Dictionary defines it as: "Affecting a part only; not general or universal; not total." Giving to said word its meaning as thus defined, we would have

said clause reading, "which she agreed should be a *part only* of her share of," etc., or, "which she agreed should be her *not total* share of," etc.; i. e., which she agreed should not be her total share of said real estate.

It is not for us to change the rules of construction which have been so long recognized, or to depart from them, as justice in any particular case may seem to incline us. This would be to substitute our individual ideas in any case for the well-established rules of law; to make contracts for men according to our ideas of right and justice, instead of declaring the legal effect of their contracts as made—in short, to disregard the ancient landmarks of the law, upon which the security of property so largely rests, and for the judiciary to embark and put to sea without chart or compass.

It therefore follows that the trial court erred in its conclusions of law upon the facts found; that said instrument shows only an advancement to have been made to appellant in the sum of $3,500, and not a contract which is sufficient to bar a claim of inheritance.

The judgment is therefore reversed, with instructions to the trial court to set aside its judgment heretofore rendered herein, to restate its conclusions of law in harmony herewith, and to render judgment accordingly.