AMOS G. LONGSHORE

*v.*

MARIE D. LONGSHORE *et al.*

*Opinion filed December 16, 1902—Rehearing denied February 4, 1903.*

1. EQUITY—*when relief may be granted on cross-bill to avoid circuity of action.* If it becomes necessary in a chancery case to grant affirmative relief to the defendant in order to dispose of the matter in controversy and do complete justice between the parties, relief may be granted on cross-bill and circuity of action avoided.

2. SAME—*when equity may establish legal rights.* A court of equity having obtained jurisdiction upon any equitable ground will retain it in order to do complete justice between the parties, although in doing so it may be necessary to establish purely legal rights or to grant legal remedies.

3. DOWER—*heir accepting deed in lieu of expectancy may compel assignment of dower in other lands.* A son who has accepted a warranty deed from his father conveying eighty acres of land in lieu of his expectancy as heir, may, by cross-bill, in partition, compel assignment of the widow's entire dower out of other lands of the estate, upon the ground that the heirs are bound by the covenants of warranty in their ancestor's deed.

4. DEEDS—*release of expectancy is sufficient consideration for warranty.* The release of a grantee's expectancy as heir of the grantor deprives the transaction of the character of a gift, and is a sufficient consideration for the covenants of warranty contained in the deed.

APPEAL from the Circuit Court of Henry county; the Hon. FRANK D. RAMSAY, Judge, presiding.

This is an appeal from a decree assigning dower, and for partition, rendered by the circuit court of Henry county.

Samuel J. Longshore died intestate in September, 1901, owning about one thousand acres of land in said county, leaving him surviving appellee Marie D. Longshore, his widow, and his daughters, Ernestine Boltenstern, Hannah E. Longshore, Marie G. Longshore and Caroline N. Longshore, and his son, the appellant, his heirs-at-law. The widow and said daughters, except Boltenstern, joined in the bill. The appellant and Boltenstern and her husband were made defendants. The bill

charged, among other things, that Samuel J. Longshore about two years before his death conveyed to his son, the appellant, eighty acres of land, which they described in the bill, situated in said county, as and for his full share of the estate of the grantor; that said deed of conveyance contained an express stipulation to this effect and was so accepted by said Amos, and that he thereby released his expectancy and all claim which he might otherwise have had in his father's estate, and that the lands sought to be divided descended to the other heirs of the deceased free from any claim or interest therein of said Amos.  The bill alleged that said deed had not been filed for record, and prayed that said Amos be required to produce the same to the court.  The bill also alleged that by said deed said Amos became seized in fee of the eighty acres thereby conveyed to him, subject to dower of the widow.

The appellant answered and admitted many of the allegations of the bill, the seizin of the ancestor, his death intestate and that he left surviving him the widow and children as named, and that prior to his death he conveyed to him, said Amos, said eighty acres in full of his share of the estate, and for the consideration that he, Amos, by its acceptance released his interest, as heir, in the rest of the property; admitted that by virtue of said conveyance and his acceptance he had no interest in the lands sought to be divided, except the right to have the widow's dower, which encumbered his said eighty acres, assigned out of the lands sought to be divided, because of the covenant of warranty contained in the deed.  He also filed his cross-bill, and asked that the widow's dower in said land so conveyed to him be assigned out of said other lands and that his said land be freed therefrom, as the grantor's covenants of title and against encumbrances required.

The court sustained exceptions to the answer and a demurrer to the cross-bill, and dismissed the cross-bill.

The cause was referred to the master, who took and reported the evidence and recommended a decree as prayed in the bill, which report was approved by the court and a decree was entered as prayed.

FRED H. HAND, for appellant:

Dower need not be assigned in each tract separately, but may be allotted in a body out of one or more of the tracts of land, when the same can be done without prejudice to the interests of any person interested in the premises. 2 Starr & Cur. Stat. (2d ed.) chap. 41, sec. 36, p. 1475.

If a husband has aliened part of his lands with warranty and left other lands in the same county which descend to the heir, the whole of the widow's dower is to be assigned to her out of the descended lands, if it is of sufficient value, in exoneration of the alienee. 2 Scribner on Dower, (2d ed.) p. 106.

A court of equity will apply the lands in the inverse order of alienation to the satisfaction of dower as well as of a mortgage. *Raynor* v. *Raynor*, 21 Hun, 36.

The courts of Illinois approve of the doctrine of inverse order of alienation in foreclosure proceedings. *Lock* v. *Fulford*, 52 Ill. 166; *Iglehart* v. *Crane & Wesson*, 42 id. 261.

The naked possibility or expectancy of an heir to his ancestor's estate may become the subject of a contract of sale or of settlement, and in such case, if made *bona fide* for a valuable consideration, it will be enforced in equity after the death of the ancestor,—not as a trust attached to the estate, but as a right of contract. *Crum* v. *Sawyer*, 132 Ill. 443; *Bishop* v. *Davenport*, 58 id. 105; *Galbraith* v. *McLain*, 84 id. 379; *Kershaw* v. *Kershaw*, 102 id. 307.

Where a prospective heir releases his expectancy in his father's estate in consideration of a grant of real estate to him by his father, it is not an advancement but an executed contract of sale of his interest in the estate of the grantor, and such contract will be enforced. *Bishop* v. *Davenport*, 58 Ill. 105; *Kershaw* v. *Kershaw*, 102 id. 307.

In chancery proceedings for partition, as well as under the statute, the court should find the interest of all parties. *Hickenbotham* v. *Blackledge*, 54 Ill. 316.

Affirmative relief can only be granted in a partition proceeding upon cross-bill. *Irwin* v. *Dyke*, 109 Ill. 528.

Where a cross-bill is filed in a proceeding for the partition of land, both the complainant and defendant are actors, and it may become the duty of the court, in order to give the relief prayed for in the original bill, to determine the rights of all persons interested in the premises sought to be partitioned. *Litch* v. *Clinch*, 136 Ill. 410.

While it is true that a cross-bill must relate to the subject matter of the original bill, it is not essential, nor is it usual, that the facts showing the defendant's right to the relief sought should appear in the original bill. *Hurd* v. *Case*, 32 Ill. 45; *Robins* v. *Swain*, 68 id. 197; *Dawson* v. *Vickery*, 150 id. 398.

SWEENEY & WALKER, for appellees:

A cross-bill is a defense, and must be confined to matters necessary to enable the court to do complete justice to the parties in respect to the cause of action on which the complainants rest their claim to the relief asked. It cannot introduce new and distinct matter not essential to the proper determination of the matter put in litigation by the original bill. Story's Eq. Pl. sec. 401; 5 Ency. of Pl. & Pr. 640, 641; Daniell's Ch. Pr. 1647, 1743; *Lund* v. *Bank*, 96 Ill. 181; *Wight* v. *Downing*, 90 Ill. App. 1; *Kruger* v. *Ferry*, 41 N. J. 432; *Carpenter* v. *Gray*, 37 N. J. Eq. 389; *Gallatin* v. *Erwin*, 1 Hopk. Ch. 48; *Spencer* v. *Wiley*, 149 Ill. 59; *Draper* v. *Gordon*, 4 Sandf. Ch. 214; *Canton* v. *McGraw*, 91 Ind. 744; *Campbell* v. *Potter*, 147 Ill. 576.

In this State an action against the heirs on a covenant must be at law,—equity has no jurisdiction. Rev. Stat. chap. 59, secs. 11, 12; *McCarthy* v. *Lavasche*, 89 Ill. 270; *Blanchard* v. *Williams*, 70 id. 647; *Whitney* v. *Stevens*, 97 id. 482; *Schoffer* v. *Hildebrandt*, 14 Ill. App. 353; *People*

v. *Potter*, 123 Ill. 246; *Wadhams* v. *Swan*, 109 id. 46; *Campbell* v. *Potter*, 147 id. 576.

The deed to appellant was a gift. No valuable consideration passed from the appellant to his father, the grantor in said deed, and hence no recovery can be had for a breach of the covenant, either at law or in equity. A covenant is but a promise under seal. *Campbell* v. *Potter*, 147 Ill. 576; *Simpson* v. *Simpson*, 114 id. 603; *Blanchard* v. *Williams*, 70 id. 647; *Williams* v. *Forbes*, 114 id. 167; *Pratt* v. *Griffin*, 184 id. 514; *McCartney* v. *Ridgeway*, 160 id. 129; *Lang* v. *Dietz*, 191 id. 161; *Richardson* v. *Richardson*, 148 id. 563; *Shaw* v. *Camp*, 160 Ill. 425; 28 Am. & Eng. Ency. of Law, 743; 14 id. 1017; *Calcote* v. *Smith*, 15 S. W. Rep. 85; *Grattan* v. *Grattan*, 18 Ill. 167; *DeWitt* v. *Brands*, 44 N. J. Eq. 545; Rev. Stat. chap. 39, sec. 4.

Mr. JUSTICE CARTER delivered the opinion of the court:

The only question presented for decision is whether or not, in this proceeding, the appellant has the right to have the widow's dower in the eighty acres which his father conveyed to him, assigned out of the lands sought to be divided and which descended to the other heirs-at-law. Appellant's contention that he has this right is combated by appellees on three grounds: First, that the subject matter of the cross-bill is not germane to that of complainants' bill; second, that the remedy of appellant for breach of the covenants of warranty in the deed of his father to him, if there is any such breach, is by action at law, and that equity has no jurisdiction; and third, that said conveyance of the eighty acres to the appellant was a gift; that there was no consideration for the same, and, consequently, no recovery for breach of the covenant can be had. The first and second of these objections, being closely related, will be considered together.

It is no longer the rule, as it was at common law, that dower must be assigned out of each tract separately, but as said in 20 Am. & Eng. Ency. of Law, (2d ed.) p. 183:

"Courts of equity have departed from the inflexible rule of common law, and have required the widow to accept an assignment of the whole of her dower out of the estate of which the husband died seized, and which was ultimately liable to sustain the whole charge of her dower right in lands conveyed with general warranty, when an equitable allotment could be made in one or more parcels and the interest of the estate of the decedent required it to be done." The same equitable rule is stated in 2 Scribner on Dower, (2d ed. p. 106,) as follows: "If a husband has aliened part of his lands with warranty and left other lands in the same county which descend to the heir, the whole of the widow's dower is to be assigned to her out of the descended lands, if it is of sufficient value, in exoneration of the alienee." See, also, *Wood* v. *Keyes*, 6 Paige, 478; *Raynor* v. *Raynor*, 21 Hun, 36; *Lawson* v. *Morton*, 6 Dana, 471; *Morgan* v. *Conn*, 3 Bush, 58; *Richmond* v. *Harris*, 102 Ky. 389; also section 36 of the Dower act, (Hurd's Stat. 1899, p. 661,) which provides that "dower need not be assigned in each tract separately, but may be allotted in a body out of one or more of the tracts of land, when the same can be done without prejudice to the interest of any person interested in the premises."

In the case at bar the court ordered the commissioners to assign the widow's dower in the several tracts sought to be divided, in a body, if practicable, but did not, as prayed by appellant in his cross-bill, include her dower in said eighty-acre tract conveyed to him. Having the power to allot dower in a body, it would seem to be equitable to include in the allotment the dower in the tract which had been conveyed to appellant with warranty,. where the other heirs have received the estate by descent, and are, to the extent of it, liable to make such warranty good.

While the appellant may have a remedy at law for breach of the covenant against encumbrances when that covenant is broken, (*McCord* v. *Massey*, 155 Ill. 123; 51 Ill.

App. 186, and cases cited;) it cannot, we think, under the facts of this case, be said to be altogether adequate. But if it were adequate, it seems to be part of the subject matter of complainants' suit. As said in *Morrison* v. *Morrison*, 140 Ill. 560: "Equity abhors a multiplicity of suits, and when it has jurisdiction of a subject matter and of the parties in interest it seeks to do complete justice." If the matter in controversy be not settled in this suit, another bill may become necessary to assign the widow's dower in the eighty acres, and appellant will be driven to his suit at law to recover from the other heirs, who are already parties to this suit, the value of such dower,— the very thing that may be awarded in this proceeding. It is not meant, however, to be said that the ground of equity jurisdiction,—the prevention of a multiplicity of suits,—sufficiently appears, standing alone in this case, to sustain the cross-bill as an original suit in equity; but it is a well settled rule that when a court of equity has once obtained jurisdiction upon any equitable ground it will retain it to do complete justice between the parties, although in doing so it will become necessary to establish purely legal rights or to grant legal remedies. (*Pool* v. *Docker*, 92 Ill. 507; *Keith* v. *Henkleman*, 173 id. 137; 20 Ency. of Pl. & Pr. p. 404.) And if it becomes necessary to grant affirmative relief to the defendant in order to dispose of the matter in controversy and to do complete justice between the parties, we have no doubt a cross-bill may be filed, under which such relief may be granted and circuity of action avoided. The entire controversy may, with much less cost and with greater facility, be finally determined in this suit and complete and exact justice done to all the parties. The complainants seem to have made the relief demanded by the cross-bill a part of the subject matter of their bill, and in our opinion the cross-bill is germane.

Besides the assignment of dower the object of the bill is to have the court decree that appellant, although one

of the heirs, has no interest in the lands sought to be divided, because of the provisions in the deed to him of the eighty acres, and to have such lands divided between the other four heirs and to have title thereto adjudged to them. The complainants, in their bill, set up the conveyance of the eighty-acre tract to appellant, and alleged that it was made and accepted in full of all his interest in the estate of the deceased, including his share in the land as one of the heirs. The bill alleged that the deed contained an express stipulation to that effect, and that appellant had therefore no interest in said one thousand acres, as heir or otherwise. The deed contained this agreement: "It is agreed by and between the parties hereto that this deed is made by the grantor and accepted by said grantee as his full share in the estate of said grantor." It seems to be clear that the complainants by their bill sought to enforce the contract expressed in the deed, which would deprive the appellant of all the interest which he would otherwise have in the lands as one of the heirs. The deed, merely as a conveyance of the eighty acres, would not have deprived him of his expectancy. It might have been good as either a gift or a sale, according as the facts might be, and still leave appellant's right to his expectancy as heir unaffected. It was the agreement in consideration of the conveyance—which in this case was expressed in the deed itself—that operated to release his expectant interest for the benefit of the other heirs, and which the bill asked to have enforced so as to free the lands from all claims of appellant and thus to increase the extent of their own shares. Moreover, the bill alleged that the appellant took title, under the deed, of the eighty acres subject to the widow's dower therein, and while it may be that the bill cannot be construed as praying for the assignment of dower in said eighty acres, it sought to have the widow's right to such dower adjudicated in the case, and thus to destroy any right which appellant may have had to require the

entire dower to be assigned out of the lands of which his father died seized. Such being the scope of complainants' bill, it is not easy to understand how it can be said that the cross-bill is not germane.

As complainants ask to have some of the provisions of the deed enforced against appellant,—that is, those beneficial to themselves increasing the extent of their shares in the lands,—why may not the appellant, the grantee, by cross-suit, have other provisions in the same deed enforced limiting, for his benefit, such increase? In other words, why should equity, having taken jurisdiction of the subject matter of determining the interests of all the parties in the land, stop short of a final determination, and enforce only those provisions of the deed beneficial to the complainants and leave the appellant to his remedy at law on the covenant in his favor in the same deed? If, under the covenants of the deed, the appellant was entitled, as against the other heirs, to have the eighty acres free from the widow's dower, then he would be entitled either to damages from them on account of the covenant, or to have such dower assigned out of the lands which descended to them, if such assignment could be made without injury to the widow's right of dower. Let it be supposed that instead of or in addition to the covenant of warranty in the deed it had contained an express provision that the grantor's widow should have her dower in the eighty acres assigned to her out of his other lands at his decease, and that the grantee should take the tract conveyed free from such dower; while such a provision would have been more specific than those found in the deed, we cannot see that it would have materially changed the rights of the parties, yet we apprehend it would not be contended, in such a case, that if complainants had asked the same relief as now prayed in their bill the court would not have required, as a condition of such relief or on cross-bill for affirmative relief, that the widow's dower in the

eighty acres should be assigned out of the lands sought to be divided, if it could be done without prejudice to the dower rights of the widow. In such a case the appellant would have had an equitable right, if not inconsistent with the dower right of the widow, to have the same relief he now asks by his cross-bill. The court has jurisdiction of all the parties and the whole of the subject matter, and the complainants asking equity should be required to do equity; asking that the contract contained in their ancestor's deed, depriving appellant of all his interest as heir, be enforced for their benefit, should be required, from their inheritance, to perform their ancestor's contract in the same deed for his benefit. Circuity of action would thereby be avoided and complete justice would be done.

While the question here involved does not appear to have been decided heretofore by this court, it has been by courts of last resort in other States, as appears from the authorities above cited, where the views we have expressed are fully supported.

Nor can we agree with the third contention of appellees, that the conveyance of the eighty acres to appellant was a gift and the covenant of warranty without consideration, and therefore incapable of enforcement. The release of his expectancy as heir, if there was no other, was a sufficient consideration for the conveyance and the covenants of warranty. *Galbraith* v. *McLain*, 84 Ill. 379; *Bishop* v. *Davenport*, 58 id. 105; *Kershaw* v. *Kershaw*, 102 id. 307; *Crum* v. *Sawyer*, 132 id. 443.

It follows from what we have said, that the court erred in sustaining the demurrer to the cross-bill and the exceptions to the answer involving the questions mentioned, and in dismissing said cross-bill.

The decree will be reversed and the cause remanded, with directions to overrule such demurrer and exceptions, and for further proceedings not inconsistent with the views we have expressed.     *Reversed and remanded.*