NATHAN W. BOLIN, Appellant, vs. AARON D. BOLIN et al.
Appellees.

*Opinion filed June 29, 1910—Rehearing denied October 6, 1910.*

1. DEEDS—*son may release expectancy in father's estate by accepting deed.* A son may release his expectancy in his father's estate by accepting a deed containing a clause to that effect, and it is immaterial whether the consideration for the release is the land itself or money paid by the father for the land or which he let the son have for that purpose.

2. SAME—*grantee cannot claim under deed and repudiate part of its terms.* A son who accepts a deed containing a clause releasing his expectancy in his father's estate and who claims title under the deed and makes no objection during his father's lifetime though he had knowledge of the clause in the deed for a period of ten years after he obtained it from the recorder, cannot repudiate the deed, after his father's death, on the ground that he was not aware when the deed was made that it contained such clause.

APPEAL from the Circuit Court of Moultrie county; the Hon. W. G. COCHRAN, Judge, presiding.

W. K. WHITFIELD, and E. E. WRIGHT, for appellant.

JOHN E. JENNINGS, and EDWIN J. MILLER, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

This is an appeal from a decree dismissing a bill for the partition of a forty-acre tract of land in Moultrie county. Job Bolin died intestate seized of the premises in fee, leaving the appellant and his three brothers and one sister, who are the appellees, his children and only heirs. To appellant's bill, which claimed an equal partition of the premises, the three brothers answered that Job Bolin in his lifetime conveyed to the appellant certain lands which were accepted by appellant in full settlement of his share of his father's estate, the agreement to that effect being incorporated in

the deed of conveyance of a part of said land, which was signed and sealed by the said Job Bolin and delivered to and accepted by the appellant, and being in the following words: "The said grantee accepts this deed and said premises, with other lands conveyed to him by another deed of this date, as an advancement under the statute by his father, Job Bolin, the grantor herein, and accepts said deed and said lands upon conditions that he is to receive the same in full settlement of his share in his said father's estate, and that he is to receive nothing more out of the estate of his father, the said Job Bolin, upon the death of the latter. The heirs of said grantees are bound by this advancement and by said above conditions." This deed was dated September 11, 1897. Before that time Job Bolin had conveyed to each of his sons, except Nathan, the appellant, forty acres of land. Nathan was then the owner of ninety-three acres of land which he had purchased from John C. Sargent and which had been conveyed to him in 1895. In making this purchase Nathan had received aid from his father, who either paid a part of the purchase money or furnished means to Nathan for that purpose, though the amount advanced by the father cannot be definitely ascertained from the evidence. The sister, Mrs. Sullivan, had not received a conveyance of any land from her father, though he had expressed an intention of conveying certain land in Jonathan Creek township, in Moultrie county, to her. Before the conveyance was made Nathan and Mrs. Sullivan agreed to exchange lands, and in pursuance of that agreement Nathan conveyed to Mrs. Sullivan the Sargent land, and on September 11, 1897, Job Bolin, the father, conveyed to Nathan seventy-eight acres in Jonathan Creek township by two deeds,—one for forty acres, containing the clause relied upon in the answer of appellees and above quoted, and the other for thirty-eight acres. About a year later Nathan and Mrs. Sullivan again exchanged lands. Mrs. Sullivan conveyed to Nathan again the Sargent land and he

conveyed to her the land conveyed to him by their father, which was originally intended for her. The father at the same time conveyed to her twenty acres more.

The contract, evidenced by the clause in the deed of September 11, 1897, is sufficient, on its face, to bar the appellant from participating in the division of the estate of Job Bolin. A son may by a contract with his father relinquish his expectancy in the latter's estate and the contract will be enforced. (*Kershaw* v. *Kershaw*, 102 Ill. 307; *Galbraith* v. *McLain*, 84 id. 379; *Simpson* v. *Simpson*, 114 id. 603; *Longshore* v. *Longshore*, 200 id. 470.) We have held in a number of cases that an estate in expectancy is an appropriate subject of contract, and that agreements by expectant heirs in regard to their future contingent estates, when fairly made upon a valuable consideration, will be enforced in equity. *Parsons* v. *Ely*, 45 Ill. 232; *Bishop* v. *Davenport*, 58 id. 105; *Gary* v. *Newton*, 201 id. 170; *Hudson* v. *Hudson*, 222 id. 527.

Although the land conveyed by Job Bolin to the appellant was conveyed not as a gift or advancement to him but upon a valid consideration and in exchange for other land, yet it was competent for the appellant to contract, in consideration of such conveyance, to release his expectancy in the grantor's estate as well as to convey the other land. By the acceptance of the deed containing a clause acknowledging it to be in full settlement of his share in his father's estate, he became bound by that clause to the same extent as if he had executed a contract to the same effect under his seal. (*Kershaw* v. *Kershaw, supra.*) Whether the consideration received by the appellant, by virtue of which he accepted the deed and released his expectancy, was the land itself conveyed to him or was money which his father had paid for the land or had let him have for that purpose is not material. Appellant had received a valuable consideration for which he was willing to relinquish his

future contingent interest, and that was sufficient to sustain his release.

It is said, however, that the clause in question was inserted in the deed without the complainant's knowledge, and that he was not aware of its existence until after he had obtained the deed from the recorder and had entered into the possession of the land. The deed was his only source of title to the land. He claimed title under it, conveyed the land, and for ten years after he obtained the deed from the recorder, and during his father's lifetime, he made no objection to the clause in question but acquiesced therein. He cannot claim under the deed and repudiate a part of its terms.

It is further contended that the payment by Job Bolin of a part of the consideration for the conveyance of the Sargent land was not an advancement to the appellant but was a gift, and could not by the action of the donor be afterwards changed to an advancement without the appellant's consent. It is true that the intention which will characterize a gift as an advancement is the intention of the donor at the time of making the gift, expressed in the manner required by the statute, and that a donor cannot change an executed gift to an advancement without the donee's consent. (*Elliott* v. *Western Coal Co.* 243 Ill. 614.) The evidence shows nothing about this payment by Job Bolin except that he paid a part of the purchase money. It can not be regarded as an advancement because it does not appear to have been charged in writing. If the release of appellant's expectancy was based upon this · payment, no evidence had been adduced impeaching its sufficiency as a consideration for that purpose.

The decree will be affirmed. 　　　*Decree affirmed.*